

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

*Rᾱ 203*

June 4, 1973

The Honorable Jimmy Morris
Criminal District Attorney
Navarro County
Corsicana, Texas 75110

Opinion No. H-44

Re: Obligation of District Clerk to prepare transcript under Article 9.17, Election Code, and Rules of Civil Procedure 376, 377, and 386.

Dear Mr. Morris:

Your request for our opinion submits the question of whether, in an election contest, rules 376, 377, and 386 of the Texas Rules of Civil Procedure, on the one hand, or Article 9.17 of the Election Code, on the other, governs preparation and filing of the transcript on appeal.

From your letter we gather that the appellant in a particular election contest appeal has asked that the District Clerk prepare the transcript and deliver it to him, after which, as you state, "he will wait until the last minute to file same with the Clerk of the Court of Civil Appeals." On the other hand, the appellee demands that the Clerk deliver the transcript to the Clerk of the Court of Civil Appeals immediately upon its completion.

Rule 376 of the Texas Rules of Civil Procedure provides that the Clerk shall prepare the transcript which, under Rule 386, will be filed by the appellant in the Court of Civil Appeals within 60 days from the rendition of final judgment.

On the other hand, Article 9.17 of the Election Code, V. T. C. S., provides that, in cases of appeal, "the Clerk shall, without delay, make up the transcript and forward the same to the Clerk of the Court of Civil Appeals for that district. "

The Revised Civil Statutes (1925) contained, as Article 3056, the following:

> "Either the contestant or contestee may appeal
> from the judgment of the district court to the Court
> of Civil Appeals, under the same rules and regula-
> tions as are provided for appeals in civil cases; and
> such cases shall have precedence in the Court of
> Civil Appeals over all other cases.  In case of appeal
> as provided for in this Article, the Clerk, shall,
> without delay, make up the transcript and forward
> the same to the Clerk of the Court of Civil Appeals
> for that district." (Emphasis added)

With the codification of the Texas Election Code in 1951 (Acts 1951, 52nd Leg., p. 1097, Ch. 492), the foregoing section was incorporated as Article 9.17 with virtually identical language.

The conflict, however, would seem to be resolved by Rule 2 of the Texas Rules of Civil Procedure which was amended in 1943 to add the provision that:

> " . . . and where any statute in effect imme-
> diately prior to September 1, 1941, and not included
> in the 'List of Repealed Statutes' prescribed a rule
> of procedure in any special statutory proceeding
> differing from these rules, such statute shall apply . . . ."

Article 3056 was not among the "List of Repealed Statutes." There-fore, Article 9.17 should control, and not the Rules.  That this is so is reinforced by the comment to Rule 2 which states:

> "The 1943 and 1947 amendments make clear the
> inapplicability of the rules to special statutory pro-
> ceedings, insofar as statutory rules of procedure are
> specifically prescribed for such proceedings and
> differ from these rules.  These special proceedings
> appear under the following titles in the Revised Civil
> Statutes: 'adoption; . . . election contests . . .' "
> (Vol. 1, Vernon's Texas Rules Annotated, page 13)

We would also call to your attention <u>Wendover v. Tobin</u>, 261 S. W. 434, (Tex. Civ. App., San Antonio, 1924, err. dis'm., w. o. j.) where the court said:

> " . . . As an evidence that dilatory tactics should not be allowed to delay trials in contested election cases, the rule prevailing in other cases of appeal that the transcript shall be prepared upon the application of one of the parties and by him filed in the Court of Civil Appeals, is set aside, and it is provided that in case of an appeal in a contested election case 'the clerk shall, without delay, make up the transcript and forward the same to the clerk of the Court of Civil Appeals for that district.' " (261 S. W. at 438)

It is therefore our conclusion that in an appeal from an election contest the provisions of Article 9.17 of the Election Code prevail over the provision of Rules 376, 377, and 386 of the Texas Rules of Civil Procedure.

### SUMMARY

In an election contest, upon notice of appeal, the Clerk should immediately proceed to prepare a transcript and should forward the same to the Clerk of the Court of Civil Appeals without first delivering the same to the attorneys for appellant.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID KENDALL, Chairman
Opinion Committee